UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SANDRA L. MACAULAY, AS ADMINISTRATRIX FOR THE ESTATE OF CHRISTOPHER A. MACAULAY, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CA NO: 07-10864 NG

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD
COMPANY, LLC FOR PROTECTIVE ORDER CONCERNING THE
<u>DEPOSITION OF ITS GENERAL MANAGER, JAMES O'LEARY</u>**

**<u>INTRODUCTION</u>**

This case concerns a tragic train accident that occurred on January 9, 2007, in which Plaintiff's decedent, Christopher Macaulay, an employee of defendant Massachusetts Bay Commuter Railroad Company LLC ("MBCR"), was killed. The issue presented by this motion is whether MBCR is entitled to a protective order precluding the deposition of the highest ranking executive at the company - - General Manager James O'Leary[1] - - who did not witness the accident and has no personal knowledge concerning the facts of this case. (<u>See</u> the accompanying Affidavit of James O'Leary in Support of Motion for Protective Order ("O'Leary Aff.")). Despite Mr. O'Leary's lack of connection to this case, plaintiff seeks to question Mr. O'Leary concerning general administrative matters such as MBCR's indemnification agreement

---

[1] Mr. O'Leary's position at MBCR is equivalent to chief executive officer.

with the Massachusetts Bay Transportation Authority ("MBTA") and MBCR's rules and policies, as well as the investigation of the accident - - in which Mr. O'Leary had no role. A protective order is appropriate here because there are other lower level employees at MBCR who are far more knowledgeable about these issues than Mr. O'Leary. Indeed, MBCR offered to produce Rule 30(b)(6) witnesses to testify about these areas, but plaintiff's counsel summarily rejected that offer.

In short, MBCR does <u>not</u> seek to deprive plaintiff of the information sought. Rather, MBCR asks this Court to balance the needs of both parties so that plaintiff may have her discovery without involving (and annoying or harassing) MBCR's top executive who has – at most – a 30,000 foot view of the issues. Accordingly, MBCR respectfully requests that the Court order plaintiff to seek the requested information from MBCR through a Rule 30(b)(6) deposition and issue a protective order precluding Mr. O'Leary's deposition.

## **BACKGROUND**

On January 9, 2007, an MBCR crew was working on a portion of track located in Woburn, Massachusetts when a commuter rail train accidentally struck equipment being operated by the crew, killing two MBCR workers. The cause of the accident is disputed. A key issue in the case involves the crew's failure to apply safety devices known as shunting barricades to their work area. As part of its defense, MBCR asserts that had the crew used the shunting barricades -- as MBCR rules required them to do -- then the accident would not have occurred. (A shunting barricade would have given the oncoming train, among other things, a stop signal which would have prevented the train from traveling into the segment of track where the crew was located). Plaintiff has asserted several theories of liability against MBCR, including dispatcher error, negligence in failing to enforce its own rules and regulations, negligence in

2

failing to provide its crews with working shunting devices, and negligent operation of the train by the engineer.

Plaintiff has noticed the depositions of 13 witnesses, even though the Court issued an order limiting plaintiff to taking ten depositions.  To date, plaintiff has deposed six witnesses, including the dispatcher on duty at the time of the accident, the engineer of the train, an MBCR rules instructor, the crew's supervisor, and two MBCR workers who passed through the segment of track where the crew was working prior to the accident.  Plaintiff also will depose a second MBCR rules instructor.[2]

During the Rule 37.1 conference, plaintiff's counsel stated that he intended to question Mr. O'Leary concerning (i) MBCR's rules and procedures, (ii) MBCR's indemnification agreement with the MBTA, and (iii) Mr. O'Leary's role in the investigation of this accident.[3] (See Affidavit of Counsel, filed herewith).  Unlike the witnesses who have been deposed, Mr. O'Leary lacks personal knowledge regarding the accident.  In addition, there are other MBCR employees with more knowledge who can supply the information sought by plaintiff.  As such, a protective order should issue.

## ARGUMENT

### A Protective Order Should Issue as to Mr. O'Leary's Deposition

This Court may tailor discovery to prevent annoyance, harassment, and undue expense. Fed. R. Civ. P. 26(C).  Applying this principle, courts have granted protective orders for high-level executives in situations where either: (1) the information sought can be obtained from a lower level employee; (2) the executive has no knowledge of the facts at issue; or (3) the

---

[2] MBCR has cooperated with plaintiff's counsel in making all witnesses available for their depositions and hosting the depositions at MBCR's counsel's office in Boston as an accommodation to plaintiff's counsel whose office is in Connecticut.

[3] Significantly, plaintiff has not issued a Rule 30(b)(6) deposition notice to MBCR.

3

deposition is solely to harass or annoy the executive.  See General Star Indemnity Co. v. Platinum Indemnity Limited, 210 F.R.D. 80, 82-83 (S.D.N.Y. 2002) (discussing circumstances warranting protective order); Digital Equipment Corp. v. Systems Indus., Inc., 108 F.R.D. 742, 744 (D. Mass. 1986) (granting protective order where deposition sought to harass executive). All three of these circumstances are present in this case, and therefore a protective order should issue.

    **A.**    **There Is No Need to Depose MBCR's Most Senior Executive on General Administrative Matters**

There is no need to ask top executives about general administrative matters when there are lower level employees with more knowledge concerning the information sought.  See Salter v. UpJohn Co., 593 F.2d 649, 652 (5th Cir. 1979) (affirming entry of protective order that required plaintiff to depose other more knowledgeable employees before seeking to depose corporate president); Hughes v. General Motors Corp., 18 Fed. R. Serv. 1249, 1249 (S.D.N.Y. 1974) (denying request to depose defendant corporation's president because plaintiff could readily discover information through other employees); Harris v. Computer Assoc. Int'l, Inc., 204 F.R.D. 44, 46 (E.D.N.Y. 2001) (precluding deposition of CEO because he had no personal knowledge of underlying facts and events, plaintiff had already obtained information from lower level employee, and deposition of CEO would be "unreasonably repetitive and burdensome"); Treppel v. Biovail Corp., No. 03 Civ. 3002, 2006 U.S. Dist. LEXIS 7836, at *6-7 (S.D.N.Y. Feb. 28, 2006) ("Unless the executive has some unique knowledge, it may be appropriate to preclude a redundant deposition of that individual"); Baine v. General Motors Corp., 141 F.R.D. 332, 336 (M.D. Ala. 1991) (protective order issued preventing deposition of vice president, finding that the deposition would be unduly burdensome to high-level official absent showing plaintiff could not obtain information from other, less intrusive avenues of discovery); Liberty Mutual Ins. Co.

v. Superior Court, 10 Cal. App. 4th 1282, 1289 (Cal. App. 1992) ("'apex' depositions . . . when conducted before less intrusive discovery methods are exhausted, raise tremendous potential for discovery abuse and harassment"). See also Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007) (affirming entry of protective order preventing deposition of Mayor Menino where information sought could be discovered through members of his staff).

     Here, plaintiff seeks information about MBCR's rules and policies and its indemnification agreement with the MBTA - - which may be obtained from lower level employees with more knowledge than Mr. O'Leary concerning these general administrative matters. Indeed, plaintiff already deposed Stephen Quinn, an MBCR rules instructor, who is responsible for teaching the rules and procedures to its employees. During that deposition, plaintiff questioned Mr. Quinn concerning the MBCR Roadway Worker Protection Manual, among other things. Plaintiff also specifically asked Mr. Quinn about MBCR's rules and procedures at issue in this case, including the use of shunting barricades and watchmen. Additionally, plaintiff intends to depose another MBCR instructor on rules and procedures, William Rice.

     Simply put, plaintiff has the actual written rules and procedures, as well as the deposition testimony of both of MBCR's rules instructors. Mr. O'Leary's testimony concerning his understanding of the general nature of the rules would be redundant, at best. Stated differently, Mr. O'Leary has no unique knowledge concerning MBCR's rules and procedures that would warrant his deposition. See Consolidated Rail v. Primary Indus. Corp., 1993 WL 364471 *1 (S.D.N.Y. Sept. 10, 1993) (deferring depositions of executives until it was demonstrated that they had some unique knowledge pertinent to the issues of the case that could not be obtained

through other witnesses); Porazzi Co. v. Mormaclark, 16 F.R.D. 383 (S.D.N.Y. 1951) (preventing deposition of Vice President where general claims agent has same information).

      MBCR also offered to produce a lower level employee as a Rule 30(b)(6) witness to testify regarding its indemnification agreement with the MBTA. Plaintiff's counsel refused, stating that he does not intend to take a Rule 30(b)(6) deposition. This refusal to reasonably cooperate in discovery suggests that plaintiff's true intention is not to obtain information, but rather to harass and annoy a top level MBCR executive. See Digital Equipment, 108 F.R.D. at 744 (depositions may not to be used to harass executives). Moreover, the information concerning indemnification between the MBCR and the MBTA may be obtained by documentary evidence alone.[4] Thus, plaintiff has access to documentary evidence and testimony from a Rule 30(b)(6) witness to answer her indemnification questions, and there is no need to depose Mr. O'Leary on this issue.

    **B.**    **Mr. O'Leary Did Not Participate in MBCR's Investigation of the Accident and Has No Knowledge of the Facts and Circumstances at Issue in this Case**

      Plaintiff's counsel has stated that he believes Mr. O'Leary participated in MBCR's investigation of the accident. This is incorrect. Mr. O'Leary's affidavit states that he did <u>not</u> participate in MBCR's investigation of the accident and has no personal knowledge of the facts and circumstances at issue in this action. (See O'Leary Aff. ¶¶ 2-3). As detailed in his affidavit, Mr. O'Leary did not view the accident scene, was not interviewed about the accident, did not interview anyone about the accident, and was not part of the investigation team. Mr. O'Leary's only knowledge about the accident was gained through staff briefings (including through MBCR's General Counsel), and therefore is not first-hand knowledge. (O'Leary Aff. ¶¶ 2-3). Additionally, MBCR did <u>not</u> identify Mr. O'Leary as someone with knowledge of the facts in

---

[4] MBCR would agree to produce the relevant indemnification documentation subject to an appropriate confidentiality stipulation.

this case in its answers to plaintiff's interrogatories.  Likewise, no witnesses who have been deposed have identified Mr. O'Leary as having knowledge as to the investigation into the accident.

Notably, plaintiff's counsel cited no basis for his belief that Mr. O'Leary was involved in the investigation.  In view of Mr. O'Leary's affidavit, MBCR's answers to interrogatories, and the fact that no witness has identified Mr. O'Leary as someone with knowledge of the investigation, plaintiff's counsel's suspicion that Mr. O'Leary may have been involved is insufficient to warrant his deposition.  See Armstrong Cork Co. v. Niagra Mohawk Power Corp., 16 F.R.D. 389, 390 (S.D.N.Y. 1954) (granting protective order until it could be demonstrated that executives had some knowledge of the facts for which they sought to be deposed).  See also Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 894 (6th Cir. 1991) (preventing deposition of Priscilla Presley where she had no knowledge of facts of case and deposition noticed to harass her); Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989) (granting protective order where deposition sought to harass executive who had no knowledge of facts relevant to the case).

## **CONCLUSION**

For the foregoing reasons, MBCR respectfully requests that the Court issue a protective order precluding the deposition of James O'Leary.

         Respectfully submitted,

         MASSACHUSETTS BAY COMMUTER RAILROAD
         COMPANY, LLC

         By its attorneys,

         /s/ Colleen C. Cook
         Joel G. Beckman (BBO# 553086)
         Michael Paris (BBO# 556791)
         Colleen C. Cook (BBO#636359)
         NYSTROM BECKMAN & PARIS LLP
         10 St. James Ave., 16th Floor
         Boston, Massachusetts 02116
         (617) 778-9100

Dated:  March 10, 2008

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 10th day of March, 2008.

         /s/ Colleen C. Cook
         Colleen C. Cook