UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

SANDRA L. MACAULAY, AS ADMINISTRATRIX          CIVIL ACTION
FOR THE ESTATE OF CHRISTOPHER A.
MACAULAY,                                      NO. 07 CA 10864 NG

    Plaintiff

VS.

MASSACHUSETTS BAY COMMUTER
RAILROAD COMPANY,

    Defendant                                  APRIL 21, 2008

_____X

### Plaintiff's Memorandum of Law And Reasons In Support Of Her Motion For Prejudgment Remedy And For Order Of Financial Disclosure

On January 9, 2007 MBCR negligently allowed a train to operate on a track where its own work crew was working. The resulting crash killed two MBCR employees and seriously injured two other employees. Christopher Macaulay was one of the employees killed. MBCR has no insurance, no assets and potential exposure from the January 9, 2007 accident in excess of ten million dollars. To date, MBCR has not disclosed any insurance as required by Fed. R. Civ. P. 26(a)(D), App. A, and MBCR's attorney represented that MBCR has no property. App. B. For the reasons set forth herein, the Court should grant the plaintiff's Motion and enter an Order of attachment for two million,

four hundred thousand dollars ($2,400,000) and Order financial disclosure of assets in the amount sufficient to satisfy the prejudgment remedy.

## I. BACKGROUND

The plaintiff, Sandra Macaulay, is the administratrix for the Estate of her late husband Christopher Macaulay. She brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for damages resulting from defendant MBCR's negligence. Plaintiff alleges that at approximately 1:40 p.m. January 9, 2007 her husband was working as a trackman with a track maintenance crew on the track in Woburn, Massachusetts, when an MBCR passenger train unexpectedly came down the track and killed her husband. The train was traveling southbound at approximately 60 miles per hour and Christopher Macaulay was on the south side of a piece of track equipment when the train struck the track equipment. Another co-worker in the track crew was killed and two other workers were seriously injured.

The plaintiff will prove MBCR was negligent in various ways including, but not limited to, the following:

1. The dispatcher negligently allowed the train on a track where she knew a work crew was located;
2. MBCR negligently had a practice of not using shunting devices on small jobs such as the one being performed at the time of the accident;
3. MBCR negligently failed to enforce its rule requiring the use of shunting devices;
4. The MBCR negligently failed to provide its crews with working shunting devices;
5. The engineer failed to sound the horn for a reasonable time period after he observed the work equipment on the tracks;
6. The engineer negligently failed to sound the horn in violation of MBCR Rule

2

19(b)B when he knew roadway workers may be working;
7.  MBCR negligently failed to protect small maintenance crews with an advanced watchman and/or gang watchman to provide proper warning; and
8.  MBCR negligently failed to provide advance watchmen and/or watchmen when crews consist of less than seven workers in violation of MBCR RWP Rule 329.

The decedent began working for MBCR in 1995 and was 30 years old at the time of his death.  He is survived by his wife and two-year-old daughter, Bailee Macaulay. The plaintiff seeks to recover damages for (a) the loss of support and other financial benefits they would have received from the defendant; (b) the loss of services which would have been provided to them by the decedent; and (c) in the case of the decedent's minor child Bailee, the loss of the decedent's care, attention, instruction, training, advice, and guidance. *See* Sand, *4 Modern Federal Jury Instructions*, §89-29 (2006).

## II. DAMAGES

The plaintiff retained an economist to calculate her damages under the FELA. A copy of Dr. Kenison's report is attached hereto at App. C. Based on the decedent's salary as a trackman, Professor Kenison concluded the plaintiff's economic loss recoverable under the FELA is $2,400,000. The plaintiff will be supplementing her expert report after obtaining discovery about the average salaries for various jobs the plaintiff was likely to have obtained throughout his expected railroad career. The hourly rates for the jobs he was likely to have taken are higher than the trackman job he performed at the time he was killed. Thus, the $2,400,000 is towards the low end of what the plaintiff is likely to recover at trial.

## III. LAW

Pursuant to Fed. R. Civ. P. 64, the remedy of prejudgment attachment is available "under the circumstances and in the manner provided by the law of the state in which the district court is held." Massachusetts Rule 4.1 of Civil Procedure contains the standard and procedure governing attachments. It provides that an order approving attachment "may be entered only after notices to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment." Mass. R. Civ. P. 4.1(c). The moving party must submit affidavits setting forth "specific facts sufficient to warrant the required findings" based upon the affiant's own information or belief. Mass.R.C.P. 4.1(c) & (h). "The central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary

amount." *Anderson Foreign Motors Corp. v. New England Toyota Distributor, Inc.* 475 F.
Supp. 973, 978 (D. Mass. 1979). "A showing of reasonable likelihood of success on the
merits is therefore a requirement for court approval of an attachment." *Digitial Equipment
Corp. v. Currie Enterprises*, 142 F.R.D. 16, 20 (D. Mass. 1992).

## IV. THERE IS MORE THAN A REASONABLE LIKELIHOOD OF SUCCESS

The plaintiff is extremely likely to prevail at trial. MBCR's dispatcher was responsible
for allowing trains access to the track where the plaintiff's decedent was working with his
track gang. App.D, Maseda Dep. Tr. pp. 5-7. She authorized the decedent's work crew to
occupy the tracks and blocked the tracks off. *Id*., p. 11. A different work crew sought
permission to enter and leave the area of track in which the plaintiff's decedent was working
with his work crew and the dispatcher allowed them to enter this particular track area. *Id*.
pp. 18-19. After the dispatcher authorized the other work crew to leave the area of track,
she removed the block (a device that prevents trains from entering an area of track) in
between Winchester and Crawford while the plaintiff's decedent was still working on that
area of the track with his crew. *Id*., p.21. She testified "It was a mistake." *Id*. After she
heard about the tragic accident, she told her supervisor it was her fault. *Id*.

There was no contributory negligence. The defendant claims the decedent violated
a rule requiring a shunting device to be put on the tracks. MBCR's Safety Instructor
Stephen Quinn testified that the decedent never received any training or instruction on how
to put shunting devices on tracks. App. E, Quinn Dep. Tr., pp. 8-9. He also testified that
the person responsible for applying any shunting devices on the day of the accident was

decedent's foreman and not the decedent.  *Id.*, pp. 10-11.  The decedent did not cause the collision that lead to his death.  *Id.*, p. 25.

## V.  CONCLUSION

For the foregoing reasons and any additional reasons set forth at oral argument, the plaintiff moves the Court for an Order of attachment against MBCR in the amount of $2,400,000 and to Order financial disclosure of assets sufficient to satisfy the prejudgment remedy.

Respectfully submitted,

FOR THE PLAINTIFF, SANDRA L. MACAULAY,
AS ADMINISTRATRIX FOR THE ESTATE
OF CHRISTOPHER A. MACAULAY,

By_____
George J. Cahill, Jr. (BBO #069480)
Scott E. Perry (ct17236)
CAHILL, GOETSCH, & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut  06510
(203) 777-1000

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Scott E. Perry